THE STATE OF OHIO, APPELLANT, *v.* MARIETTA COAL CO., APPELLEE.

[Cite as State v. Marietta Coal Co.
(1973), 35 Ohio App. 2d 230.]

(No. 73 AP-161—Decided May 22, 1973.)

*Mr. William J. Brown,* Attorney General, *Mr. John T. Davidson* and *Mr. Jay McKirahan,* for appellant.

*Messrs. Sheppard & Agnew* and *Mr. Neal S. Tostenson,* for appellee.

*Per Curiam.* This appeal is before the court upon the motion of appellee to dismiss the appeal upon the grounds that the notice of appeal was not timely filed.

The action in the court of common pleas was an appeal from an order of the reclamation board of review. The court of common pleas affirmed that order.

The notice of appeal indicates that the appeal is taken "from the final judgment of this court entered March 27, 1973, which judgment overruled appellant's motion for reconsideration of the judgment rendered by this court on September 13, 1972." The docket, however, indicates that only a decision, and not a judgment was filed on September 13, 1972 and that the judgment of the court of common pleas affirming the order of the reclamation board of review was entered on March 27, 1973.

The notice of appeal was filed in the court of common pleas on April 25, 1973, 29 days after the entering of the judgment from which the appeal is taken.

R. C. 2505.07 provides that in an appeal to this court from a court of common pleas the notice of appeal shall be filed within twenty days after the general entry of judgment. App. R. 4(A) provides:

"in a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from."

Thus, the notice of appeal was timely filed if App. R. 4(A) controls but was not timely filed if R. C. 2505.07 applies. Section 5(B), Article IV, Ohio Constitution, expressly provides with respect to rules such as the appellate rules, that "all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Ac-

cordingly, R. C. 2505.07 is of no force and effect as controlling the time for filing notices of appeal to the extent that it conflicts with App. R. 4(A).

Appellee, however, contends that the appellate rules do not apply to this appeal. This contention is predicated upon App. R. 1, which defines the scope of the appellate rules, as follows:

"These rules govern procedure in appeals to courts of appeals from the trial courts of record in Ohio. * * *"

Appellee contends that, although the appeal was from the court of common pleas, that court was not acting as a trial court in this case but, rather, was acting as an appellate court reviewing the order of an administrative agency. Appellee thus argues that since the appellate rules apply only to appeals "from the trial courts of record" they do not apply in this instance, and R. C. 2505.07 is controlling.

This court recently considered the application of the appellate rules to appeals from courts of common pleas where the common pleas court action was in review of an order of an administrative agency. In the unreported decision rendered April 24, 1973, *In the Matter of Application for the Formation of the Cleveland Trust Company,* No. 73AP-98, it is stated, at page 10:

"Appellant relies also on the language employed by the Supreme Court in Ohio Rules of Appellate Procedure Rule 1. The point emphasized is that the common pleas court in the instant case was not a 'trial' court. It is submitted that in the reference in the rule to 'trial courts,' the term is clearly basically generic in character. The rule distinguishes two types of courts, *i. e.,* trial courts and courts of appeals. The terms are basic; a trial court does not lose its basic character when a case for review comes on to its attention any more than does a court of appeals lose its character as a reviewing court when it entertains an original action. * * * The appeal to this court is not from the order of an administrative agency, but rather from the judgment of the trial court affirming or reversing that order."

The words "trial courts of record" as used in App. R. 1 refer to the types of courts from which appeals are taken and not to the type of action involved. The court of common pleas is a trial court of general and original jurisdiction. See Section 4, Article IV, Ohio Constitution, and R. C. 2305.01. An appeal to this court from a judgment of a court of common pleas is an appeal from a trial court of record within the contemplation of the appellate rules regardless of the nature of the action in the common pleas court.

Accordingly, the appellate rules apply in an appeal from a judgment of a court of common pleas reviewing and affirming or reversing an order of an administrative agency. Since the appellate rules apply, R. C. 2505.07 is of no force or effect and the notice of appeal was timely filed.

Interestingly, the Supreme Court has applied the appellate rules to appeals from a court of common pleas where the action in such court was an appeal from an administrative agency—in that case from a board of revision pursuant to R. C. 5717.05. See *Zeisloft* v. *Board* (1972), 32 Ohio St. 2d 180. In that case the notice of appeal was filed 28 days after the entry of judgment, but while a motion for new trial was pending. The motion was not overruled until some 41 days after the filing of the notice of appeal. The Supreme Court found at page 184, that the motion for a new trial "should have been treated as a motion for relief from judgment pursuant to Civ. R. 60(B) and that the notice of appeal to the Court of Appeals was not premature even though filed before the entry overruling the motion. See App. R. 4(A)."

For the foregoing reasons, the motion to dismiss the appeal is overruled.

*Motion overruled.*

STRAUSBAUGH, WHITESIDE and REILLY, JJ., concur.